CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 0 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LEON MARTIN,                        )
    Petitioner,                    )        Civil Action No. 7:07-cv-00436
                                   )
v.                                  )        **MEMORANDUM OPINION**
                                   )
GENE JOHNSON, DIRECTOR,             )        By: Hon. James C. Turk
    Respondent.                    )        Senior United States District Judge

Petitioner Leon Martin, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In his petition, Martin challenges the constitutional validity of his confinement in the Virginia Department of Corrections (VDOC) pursuant to the January 10, 2002, conviction and sentence entered against him in the Halifax County Circuit Court. Upon review of the petition and the court's records, however, the court finds it appropriate to construe and dismiss Smith's self-styled § 2241 petition as a second or successive petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(b).

I.

After sentencing, Martin appealed to the Court of Appeals of Virginia and ultimately to the Supreme Court of Virginia, which denied relief on February 9, 2004. He also filed a state habeas petition in the Halifax County Circuit Court even while his direct appeal was pending, asserting that continuations of his trial violated his right to a speedy trial. The circuit court dismissed that petition on September18, 2003. When direct appeal proceedings had concluded, Martin filed a second state habeas petition, this time in the Supreme Court of Virginia; the Court dismissed this second petition under Virginia's rule barring successive habeas petitions. See Va. Code Ann. § 8.01-654(B)(2) (providing that habeas claims must be dismissed if based on facts known to petitioner at time he filed earlier habeas petition). In February 2005, Martin filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this court, raising his speedy trial claim. See Civil Action No. 7:05-cv-00107. The court dismissed the petition as procedurally defaulted on September 19, 2005, and

1

denied Martin's request for a certificate of appealability; the United States Court of Appeals for the Fourth Circuit dismissed his petition for appeal on October 2, 2006.

In his current petition, Martin asserts that his trial attorney moved for continuances of the trial against Martin's wishes. Specifically, he alleges that although he was first arrested in April 2001, the trial of his case did not occur until January 2002, despite Martin's expressed wish for a speedy trial.

II.

As stated, Martin styles his pleading as a § 2241 petition for habeas corpus relief. Under federal habeas statutes, however, a state inmate challenging the validity of his confinement under his state-imposed conviction and/or sentence must proceed under 28 U.S.C. § 2254. That section expressly authorizes federal courts to grant habeas relief to persons within their jurisdiction who are in custody pursuant to state court judgments.[1] A petition under 28 U.S.C. § 2241, on the other hand, is normally used to attack the execution of a sentence and must be filed in the district where the prisoner is confined. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Section 2241 also provides for a more general form of habeas corpus relief and would apply, in extremely limited circumstances, to an inmate "in custody" in state or local jails who has not yet had a state criminal judgment or sentence entered against him (i.e. a pretrial detainee). See, e.g., Kane v. State of Virginia, 419 F.2d 1369, 1372 (4th Cir. 1970).

The court concludes that Martin has not stated any ground for relief under § 2241. He is clearly confined pursuant to the judgment of a state court. Therefore, to challenge the validity of his conviction or sentence, he must utilize § 2254 as the habeas remedy authorized for state inmates. He cites no authority, and the court is not aware of any precedent, to support his assertion that he

---

[1]Unlike 28 U.S.C. § 2255, which authorizes a habeas corpus remedy for federal inmates, § 2254 does not include a provision implicitly authorizing § 2241 review of convictions/sentences when § 2254 affords an inadequate remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). (recognizing narrow circumstances when § 2255 is inadequate for federal inmate to test validity of his confinement so as to allow inmate to utilize § 2241; procedural bar does not render § 2255 remedy ineffective or inadequate).

2

may, instead, randomly choose to challenge his state conviction and/or sentence through filing a § 2241 petition. See Gregory v. Coleman, 218 Fed.Appx. 266, n. 1 (4th Cir. 2007) (unpublished) (denying certificate of appealability as to district court judgment construing § 2241 petition challenging conviction as untimely § 2254) (citing White v. Lambert, 370 F.3d 1002, 1005 (9th Cir.2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction")). The court will not permit Martin to circumvent procedural requirements governing § 2254 by styling his pleading as a § 2241 petition.

Given the nature of Martin's claims, the court finds that they are appropriately construed as claims arising under § 2254. Once the petition is construed as § 2254 petition, it must be dismissed as successive. As stated, Martin previously filed a § 2254 petition in this court concerning the same conviction and sentence, Civil Action No. 7:05-cv-107. Thus, his current petition is a subsequent one, falling under the successive petition provisions of the federal habeas statutes in 28 U.S.C. § 2244(b)(2). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria justifying authorization of a second § 2254 petition. Id. Martin does not present any evidence that he has obtained certification by the Court of Appeals to raise his current claims in a second § 2254 petition. Accordingly, the court must dismiss the petition without prejudice as successive.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This _20th_ day of September, 2007.

_James C. Turk_
Senior United States District Judge

3